Gibson, J.
The plaintiffs in this reapportionment case attack the present weighted voting plan under which the Board of Supervisors of Nassau County has long operated.[1] Upon motion, Special Term awarded summary judgment declaring the plan ‘ ‘ illegal, invalid and inconsistent with the equal pro *69 tection clauses of the State and Federal Constitutions ” and directing that, within six months, the appropriate defendants “ adopt local laws containing plans for apportionment of the Nassau County Board of Supervisors which are legal, valid and consistent with the equal protection clauses The Appellate Division unanimously affirmed, finding “ inescapable ” its conclusion that the residents of the Town of Hempstead were unconstitutionally deprived of their right to substantial equality of representation.
Concededly, the Town of Hempstead’s population constituted, 57.12% of the county’s population but that town’s representatives may cast but 49.6% of the board’s vote. Important as is the fact of the present inequality, it is of even greater moment that inequality in some degree is mandated and, indeed, perpetuated by the charter provision: “ nor shall the supervisor or supervisors of any town, or city be entitled to cast more than fifty per centum of the total vote of said board.” (L. 1936, ch. 879, § 104, subd. 2.) This provision has survived two attempts at reapportionment, proposals therefor having been defeated in referendums conducted in 1965 and 1967[2]; and clearly violates the one man, one vote principle. The phenomenal population growth in Hempstead, as in Nassau County generally, points up the inequality created and perpetuated by the charter provision. Not only are the Hempstead Supervisors presently barred from exercise of a majority vote, but section 104 would continue to deprive them, or the residents of any other town or city subsequently containing a majority of the county population, from majority representation, regardless of how great their majority may presently be or may in future become. This is the vital factor which distinguishes the case from Abate v. Mundt (25 N Y 2d 309), recently decided.
Thus, it was proper to direct reapportionment but it seems unwise and unnecessary to proceed thereto on the basis of the 1960 census.
*70 The order appealed from should be modified so as to direct that a valid .reapportionment plan be adopted by the Board of Supervisors within six months after public announcement of the enumeration of the inhabitants of Nassau County in the Federal census of 1970 and that meanwhile the present plan remain in effect, as a temporary measure, and, as so modified, the order should be affirmed.
Chief Judge Fuld and Judges Burke, Scileppi, Bergan, Breitel and Jasen concur.
Order modified in accordance with the opinion herein and, as so modified, affirmed, without costs.

. Nassau County Govt. Law (L. 1936, ch. 879, as amd.), § 104;

. Reapportionment (subject, however, to the basic plan, and its infirmities) would be mandatory following the 1970 census, under the charter provision requiring that “ [t]he assignment of votes among members of the board of supervisors shall be readjusted within sixty days after the public announcement of the enumeration of the inhabitants of the county in each federal and state census if there be one.” (L. 1936, ch. 879, § 104, subd. 3.)